# EXHIBIT A

| | | | |
|---|---|---|---|
| **Case** | 13CV04569 | **Caption** | SOLUMEDIX LLC ET AL vs. NUETERRA HEALTHCARE INTERNAT |
| **Chapter** | 60 | **Nature** | OTHER CONTRACT (60) |
| **Status** | PENDING | **Judge** | PAUL C GURNEY |
| **Division** | 11 | | |

Search | Case History (ROA) | Plaintiff/Defendant | Court Events | Other Cases | Documents

Sort By Ascending Order | Sort by Descending Order | Print Friendly | E-File On Case

| | | |
|---|---|---|
| 06/21/2013 | NEW CASE E-FILED; SOLUMEDIX LLC VS NUETERRA HEALTHCARE INTERNATIONAL LLC; FILING FEE $179.50; PAID BY LONG, BENJAMIN E, RECEIPTED AMOUNT $179.50, E-PAYMENT NO: 51234014 | |
| 06/21/2013 | JUDGE PAUL C GURNEY ASSIGNED TO CASE | |
| 06/21/2013 | FILE STAMP 06/21/13, PLAINTIFFS' PETITION | DOC (1) |
| 06/21/2013 | FILE STAMP 06/21/13 03:06pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC (2) |
| 06/21/2013 | FILE STAMP 06/21/13 03:06pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC (3) |
| 06/21/2013 | FILE STAMP 06/21/13 03:06pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC (4) |
| 06/21/2013 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "NUETERRA HEALTHCARE INTERNATIONAL LLC" E/S | |
| 06/21/2013 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "NUETERRA HEALTHCARE MANAGEMENT LLC" E/S | |
| 06/21/2013 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "NUETERRA HOLDINGS LLC" E/S | |
| 06/28/2013 | FILE STAMP 06/27/13, ATTORNEY'S RETURN BY CERTIFIED MAIL, (SERVED NUETERRA HEALTH CARE MANAGEMENT LLC ON 6/24/13) | DOC (5) |
| 06/28/2013 | FILE STAMP 06/27/13, ATTORNEY'S RETURN BY CERTIFIED MAIL, (SERVED NUETERRA HOLDINGS LLC ON 6/24/13) | DOC (6) |
| 07/03/2013 | ELECTRONIC ENTRY OF APPEARANCE BY TARA S EBERLINE AS A DEFENSE ATTORNEY FOR NUETERRA HEALTHCARE INTERNATIONAL LLC; NUETERRA HEALTHCARE MANAGEMENT LLC; NUETERRA HOLDINGS LLC | |
| 07/03/2013 | ELECTRONIC ENTRY OF APPEARANCE BY SCOTT C NEHRBASS AS A DEFENSE ATTORNEY FOR NUETERRA HEALTHCARE INTERNATIONAL LLC; NUETERRA HEALTHCARE MANAGEMENT LLC; NUETERRA HOLDINGS LLC | |
| 07/05/2013 | FILE STAMP 07/03/13, CLERK'S EXTENSION | DOC (7) |

13CV04569 *
Div 11 *

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**

| | | |
|---|---|---|
| **SOLUMEDIX, LLC;**<br>**REJEANNA L. HUNTER;**<br>**DAVID W. MATEAR**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**NUETERRA HEALTHCARE INTERNATIONAL, LLC;**<br>**NUETERRA HEALTHCARE MANAGEMENT, LLC;**<br>**NUETERRA HOLDINGS, LLC**<br><br>**Defendants.** | ) | **Case No.**_______________<br><br>**Division** _____ |

**PLAINTIFFS' PETITION**

**COME NOW**, Plaintiffs Solumedix, LLC, Rejeanna L. Hunter and David W. Matear, by and through their counsel, Benjamin Long and Lance Kinzer of Schlagel Kinzer LLC, and for their cause of action against the defendants Nueterra Healthcare International, LLC; Nueterra Healthcare Management, LLC; and Nueterra Holdings, LLC (hereafter, all may be referred to collectively as "Defendants"); state and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff SOLUMEDIX, LLC ("Solumedix"), is an Arizona Limited Liability Company.

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

2. Plaintiff Rejeanna L. Hunter is an individual with an address of: 3421 S. Vine St., Chandler, AZ 85248

3. Plaintiff David W. Matear is an individual with an address of: 3421 S. Vine St., Chandler, AZ 85248

4. Defendant Nueterra Holdings, LLC (hereafter, "Parent Company") is a Delaware limited liability company registered in Kansas as a foreign limited liability company with its principal place of business in Leawood, Kansas, mailing address of 11221 Roe Avenue Suite 320, Leawood, Kansas 66211, and a registered agent of The Corporation Company, Inc. with an address of 112 Southwest 7th Street Suite 3C, Topeka, Kansas 66603.

5. Nueterra Healthcare Management, LLC (hereafter, "Nueterra Healthcare") is a Delaware limited liability company registered in Kansas as a foreign limited liability company with its principal place of business in Leawood, Kansas and believed to be a wholly-owned subsidiary or affiliate of the Defendant Parent Company. Nueterra Healthcare has a mailing address of 11221 Roe Avenue Suite 320, Leawood, Kansas 66211, and a registered agent of The Corporation Company, Inc. with an address of 112 Southwest 7th Street Suite 3C, Topeka, Kansas 66603.

6. Nueterra Healthcare International, LLC (hereafter "Nueterra International") is a Delaware limited liability company with its principal place of business in Leawood, Kansas and believed to be a wholly-owned subsidiary or affiliate of the Defendant Parent Company. Nueterra International's registered agent is The Corporation Trust Company, with a mailing address of Corporation Trust Center, 1209



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

Orange Street, Wilmington, Delaware 19801. Nueterra International has a mailing address of 11221 Roe Avenue Suite 320, Leawood, Kansas 66211.

7. According to a Kansas City Business Journal Article posted on its website, the Defendant Parent Company is "an affiliation that includes health care, venture capital and real estate companies."

8. The Nueterra Organization consists of the Defendant Parent Company and its subsidiaries. The Defendant Parent Company and its affiliates are operated and held out to the public as the same entity.

9. The Defendant Parent Company has the ability to, and does, actively participate and direct the management and operation of the Nueterra affiliates (including, but not limited to, Nueterra Healthcare and Nueterra International) of the Defendant Parent Company.

10. Dan Tasset is the chairman of the Defendant Parent Company, and founder of the Nueterra Organization. He actively participates and directs the management of the affiliates of the Defendant Parent Company, including, but not limited to: Nueterra Healthcare and Nueterra International.

11. This court has personal jurisdiction over the Defendants in that the principal places of business of all the Defendants are in Leawood, Kansas.

12. Jurisdiction and venue are proper in Johnson County, Kansas, because the Defendants negotiated a contract with the Plaintiffs while the Defendants primarily conducted business from Leawood, Kansas. Further, the operations and management of the Nueterra affiliate Defendants are managed by the Defendant Parent Company from Leawood, Kansas.



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

## INITIAL INFORMATION

13. Plaintiffs became acquainted with the Defendants when Defendants recruited Plaintiff Rejeanna Hunter through then Defendant Nueterra human resources employee Beverly Hunt in February 2011.

14. Plaintiffs specialize in consultation services with healthcare and academic organizations and facilities in the areas of: quality improvement, accreditation preparation, expertise brokerage, leadership competency assessment and development, managerial coaching and mentoring, team building, strategic planning and operational management, performance and process improvement, patient safety and healthcare risk management, policy development and management.

15. The Defendants' website states that: "We specialize in developing joint venture equity partnerships with health systems, hospitals and physicians to drive long-term growth . . . Nueterra is a national leader in creating business strategies for healthcare organizations, including co-management agreements and conversion of outpatient facilities into hospital outpatient departments (HOPDs)."

16. A news release available through Defendants' website states that "Nueterra is pleased to announce the opening of two international offices, one in Dubai, United Arab Emirates (UAE) and the second in the Coral Gables area of Miami, Florida. These offices will serve as an entry point for consumers in the Middle East North Africa (MENA), Latin America/Caribbean (LAC) and the United States who seek top-quality healthcare services . . . The Dubai office, located in the Dubai Silicon Oasis office building complex, houses the executive office of the MENA region. Operation in the



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

Dubai location is managed by David Matear, President, who is responsible for business development and operational management. He is joined by Rejeanna Hunter, Vice President of Project Development."

17. On May 1, 2011, Plaintiffs and Defendants entered into a contract titled "Independent Contractor Agreement" (hereafter, "Contractor Agreement").

18. The Contractor Agreement is signed by Daniel J. Saale for Nueterra International, LLC and Rejeanna Hunter for Solumedix, LLC.

19. On August 12, 2011, Plaintiffs and Defendants amended the Contractor Agreement in a contract titled "Amendment to Independent Contractor Agreement" (hereafter "Amended Agreement").

20. The Amended Agreement is signed by Steve Harmon for Nueterra Healthcare International, LLC and Rejeanna L. Hunter for Solumedix, LLC.

21. The Amended Agreement states that Solumedix, LLC is to perform services for Defendant Nueterra Healthcare International " . . .consisting of Project and Business Development services to be provided by Rejeanna L. Hunter and the Management services to be provided by Dr. David W. Matear." Amended Agreement, pg. 1.

22. Exhibit A of the Amended Agreement states that: ". . . Rejeanna L. Hunter will wind down her involvement with Solumedix LLC so that she does not have active involvement in its operations." Further, that "[s]he shall devote her full time and efforts to performing the Services. . .";



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

23. Exhibit A of the Amended Agreement states that "[David W. Matear] shall devote his full time and efforts to performing the Services and he shall have no further active role in operations of Solumedix LLC."

24. As a result of fully complying with Exhibit A of the Amended Agreement, neither Rejeanna L. Hunter nor David W. Matear had any active role with the activities of Solumedix, LLC or soliciting business for Solumedix, LLC beginning May 1, 2011.

25. To comply with the terms of the Amended Agreement, and in reliance on said Agreement, Plaintiffs relocated to the United Arab Emirates in the Middle East.

26. To comply with the terms of the Amended Agreement, and in reliance on said Agreement, the daily business of Solumedix, LLC in Arizona was discontinued.

## SPECIFIC CONTRACT TERMS

27. Paragraph D of the Amended Agreement replaces the first sentence of Section 3 of the Contractor Agreement to read, in part, that ". . .the [Defendants] agrees to pay [Plaintiffs] in accordance with the following rates: (a) for the months of May 2011, June 2011 and July 2011, Company has paid Contractor at a base compensation rate of Twelve Thousand Dollars ($12,000.00) per month and (b) thereafter during the term of this Agreement, Thirty-Nine Thousand Eighty-Three Dollars and Thirty-Three Cents ($39,083.33) per month representing the combined monthly base compensation of Rejeanna L. Hunter and David W. Matear, the difference of Twenty-Seven Thousand Eighty-Three Dollars and Thirty-Three Cents per month ($27,083.33) representing the amount paid for the Services to be performed by David W. Matear."



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

28. Paragraph D of the Amended Agreement replaces the first sentence of Section 3 of the Contractor Agreement to read, in part, that the Defendants may pay the Plaintiffs a bonus for satisfactory completion of the Defendants' objectives during the initial term of the Agreement, and that said bonus would not exceed 10% of the fees paid to the Plaintiffs.

29. Paragraph 3 of the Contractor Agreement indicates that Defendants will reimburse the Plaintiffs for "reasonable travel expenses."

30. Paragraph 3 of the Contractor Agreement indicates that Defendants will pay Plaintiffs for services performed on a monthly basis, within ten (10) days after Defendants receive an invoice for said services from Plaintiffs.

31. Paragraph A of the Amended Agreement replaces Section 1 of the Contractor Agreement and states, in part, that "It is understood and agreed that as soon as the Company forms a company based in the United Arab Emirates ("Local Company"), Rejeanna L. Hunter and David W. Matear will sign local UAE labor contracts ***containing the benefits set forth in Exhibit B***." (emphasis added). Amended Agreement, pg. 1.

32. It was understood by the Plaintiff that a local United Arab Emirates labor contract would be executed soon after their arrival in the United Arab Emirates, and would include all the negotiated provisions stated in Exhibit B to the Amended Agreement, among other requirements.

33. The Amended Agreement had attached an "Exhibit B," which includes a list of benefits the Defendants pledged to the Plaintiffs in exchange for their services.

34. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with Diamond



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

Premier Healthcare Insurance including, but not limited to: Medical Insurance, Dental Insurance, and Vision Insurance (at an estimated cost of $20,000.00 [Twenty Thousand Dollars] per year); Accidental Death Insurance coverage of $1,000,000.00 (at a cost, from quote provided to Defendants, of $16,458.20 [Sixteen Thousand Four Hundred Fifty-Eight Dollars Twenty Cents] per year though this policy provided far less disability coverage in addition to accidental death than what the parties agreed upon under the provisions of Exhibit B to the Amended Agreement, and the Defendants were notified that additional disability insurance coverage was needed to meet the terms of the agreement); Short Term Disability Insurance (6 months at 100% salary) and Long Term Disability Insurance (over 6 months at 60% salary).

35. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with a "Retirement Plan."

36. Exhibit B to the Amended Agreement indicates the Defendants promise to provide David W. Matear a Retention Bonus of 25% of the base salary after four (4) years of service. As a result of the Defendants breaching their contract with the Plaintiffs, David W. Matear has forfeited a 25% base salary at four (4) years service.

37. Exhibit B to the Amended Agreement indicates that David W. Matear will be vested and "will have the right to receive the vested percentage of cash profit distribution."

38. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with thirty-five (35)



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

days of vacation, ten (10) days of public holidays, and fourteen (14) days for bereavement.

39. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with Business Class Travel.

40. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with 100% of the cost to maintain each with a cellular telephone for business use.

41. Exhibit B to the Amended Agreement indicates the Defendants promise to provide David W. Matear with an annual amount of $80,000.00 (Eighty Thousand Dollars) to be paid monthly (amounting to $6,666.67 (Six Thousand Six Hundred and Sixty-six Dollars and Sixty-Seven Cents) per month), for "Housing and Utilities."

42. Exhibit B to the Amended Agreement indicates the Defendants promise to provide David W. Matear with an amount of $1,000.00 (One Thousand Dollars) per month for a car allowance.

43. Exhibit B to the Amended Contract indicates that the Defendants promise to pay a repatriation allowance of $20,000.00 (Twenty Thousand Dollars) and two business class tickets.

44. Exhibit A of the amended agreement indicates stipulations that: (Section A1) Rejeanna L. Hunter "will wind down her involvement with Solumedix, LLC so that she does not have active involvement in its operations" and "shall devote her full time and efforts to performing the Services . . ."; (Section A2) David W. Matear "shall devote his full time and efforts to performing the Services and he shall have no further active



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

role in operations of Solumedix, LLC". As a result of fully complying with Exhibit A of the amended agreement, neither Rejeanna L. Hunter nor David W. Matear had any active role with other activities of Solumedix, LLC or soliciting business for Solumedix, LLC from May 1, 2011, thus rendering Solumedix, LLC solely vested in the contractual engagement with the Defendants.

**DUBAI BUSINESS FORMATION**
**AND LABOR CONTRACT REQUIREMENT**

45. Shakeel Khan of Alliance Business Centers Network (hereafter, "ABCN") operated out of Dubai, United Arab Emirates, assisted the Plaintiffs and Defendants with obtaining necessary visas and other requirements for the formation of a business for the Defendant Parent Company and Defendant Nueterra in the United Arab Emirates.

46. According to their website, the Dubai Silicon Oasis Authority (hereafter, "DSOA"), is a ". . . 100% government-owned free zone . . ." and ". . .was established following Law no. 16 of 2005 of the Government of Dubai, with the Mission to 'facilitate and promote modern technology based industries' thus supporting the region's demand for business expansion."

47. In the United Arab Emirates, A Free Zone Establishment (hereafter, "FZE") is defined as a legal entity incorporated or registered by a single shareholder. The shareholder can either be an individual or a non-individual or corporation.

48. The Defendants desired to be established in the United Arab Emirates as an FZE.

49. As Shakeel Khan has confirmed to the Plaintiffs in writing, one of the requirements for the Defendants to form an entity in the United Arab Emirates as an FZE

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

was to have the Plaintiffs and Defendants execute a standard template contract titled Employment Contract.

50. As Shakeel Khan has confirmed to the Plaintiffs in writing, the Employment Contract template was provided by the ABCN, and was only considered an administrative contract as required by United Emirate Law for the Plaintiff Rejeanna Hunter and Plaintiff David Matear to obtain necessary visas for the formation of the Nueterra business in the United Arab Emirates.

51. These Employment Contracts do not contain all of the provisions indicated in "Exhibit B" to the Amended Agreement, and thus are not the "labor contracts" contemplated by the parties in the Amended Agreement that would trigger the termination of the Amended Agreement.

52. To date, no additional contract was entered into between the Plaintiffs and Defendants that included the "Exhibit B" to the Amended Agreement in such a way as to cause the Amended Agreement to become terminated.

## FAILURE TO PROVIDE NEGOTIATED BENEFITS

53. Paragraph A of the Amended Agreement replaces Section 1 of the Contractor Agreement and states, in part, that "It is understood and agreed that ***as soon as*** the Company forms a company based in the United Arab Emirates ("Local Company"), Rejeanna L. Hunter and David W. Matear will sign local UAE labor contracts containing the benefits set forth in Exhibit B." (Emphasis added). Amended Agreement, pg. 1.

54. Course of conduct between the parties indicates that the Defendants knew they pledged to provide the negotiated benefits. Multiple emails were exchanged



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

between the parties whereby the Plaintiffs suggested specific providers (and contracts) as well as provided quotes for insurance and other benefits, and agents of the Defendants responded that the Defendants intended to immediately provide such benefits through the suggested providers but were waiting on final management approval. Such approval was never granted.

55. Despite repeated requests, no Defendant provided all the negotiated employment benefits as outlined in the Amended Agreement despite the Defendants' continual acknowledgement that they eventually intended to do so. No Defendant ever provided Medical Insurance, Dental Insurance, Vision Insurance, Accidental Death Insurance, Short Term Disability Insurance, Long Term Disability Insurance, or Retirement Plan to any Plaintiff.

56. "Exhibit B" to the Amended Agreement provided that the Plaintiffs would receive a "Retirement Plan" defined in the Amended Agreement Exhibit as: "End of Service as per UAE Labor Law . . . 21 Days Salary exclusive of allowances/year for 1-5 years service." Plaintiffs never received this negotiated benefit for a total loss of: $27,358.33 (Twenty-seven Thousand Three Hundred Fifty-Eight Dollars and Thirty-Three Cents).

57. On December 30, 2012, David W. Matear suffered an injury to his right hand resulting in an avulsed tendon, and without medical healthcare insurance provided by the Defendants as promised in the Amended Contractor Agreement, Dr. Matear was forced to seek medical care and pay for said services while uninsured. Additionally, Dr. Matear was unable to pursue interventional treatment at the time due to the lack of medical health insurance. Due to the nature of the injury, Dr. Matear's options for



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

returning to clinical dentistry, in which he is formally trained and qualified, are potentially compromised.

58. Plaintiff David W. Matear cannot obtain medical insurance coverage for the injury presently as it is a "pre-existing condition."

59. Medical costs for this injury to Plaintiff David W. Matear's hand, to date, are: $900.00 (Nine Hundred Dollars).

60. "Exhibit B" to the Amended Agreement provided that the Plaintiffs would receive "Housing and Utilities . . .Combined, $80,000.00 (Eighty Thousand Dollars) per year, paid monthly." Plaintiffs received no payment for housing and utilities for the months of January 2013 and February 2013 despite providing services to the Defendants for these months. The total that was due to the Plaintiffs for these months is $13,333.34 (Thirteen Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents).

61. "Exhibit B" to the Amended Agreement provided that the Plaintiffs would receive a Repatriation Allowance of $20,000.00 (Twenty Thousand Dollars) and two business class air travel tickets. To date, Plaintiffs have not received these funds or reimbursement for tickets for total damages of: $26,153.00 (Twenty-Six Thousand One Hundred Fifty Three Dollars).

62. "Exhibit B" to the Amended Agreement provided that the Plaintiffs would receive a car allowance of $1,000.00 (One Thousand Dollars) per month. To date, Plaintiffs have not received these funds for the month of January 2013 or February 2013. Total damage for nonpayment of car allowance to the Plaintiffs is: $2,000.00 (Two Thousand Dollars).



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

63. The Defendants initially provided the Traveler's Global Companion Insurance Policy (Policy Number GB06307162, MEDEX ID # 314751), which provides coverage/assistance while traveling, to lapse, expiring March 1, 2012. Such lapse was brought to the Defendants' attention, but was never addressed or remedied.

64. Exhibit B to the Amended Agreement indicates the Defendants promise to provide each Rejeanna L. Hunter and David W. Matear, individually, with Business Class Air Travel. The Defendants failed to provide Business Class Air Travel Tickets for all flights on certain trips, but instead provided Coach Class Air Travel Tickets, on:

- September 11, 2011
- September 15, 2011
- October 30, 2011
- November 23, 2011
- December 7, 2011
- December 16, 2011
- January 7, 2012
- January 13, 2012
- January 11, 2012
- January 20, 2012
- May 6, 2012
- March 18, 2012
- June 3, 2012
- June 8, 2012
- September 20, 2012

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

65. Providing Plaintiffs with the less valuable Coach/Economy Class Air Travel does not give the Plaintiffs the full benefit of the bargain contemplated by the contract between the parties. The difference in value between a Business Class and Coach/Economy Class is $410.00 (Four Hundred Ten Dollars). The total amount of damages suffered by the Plaintiffs as a result of being provided with the full benefit of the value of Business Class Air Travel 15 (fifteen) times is: $6,150.00 (Six Thousand One Hundred and Fifty Dollars) .

66. The Plaintiffs remained in the United Arab Emirates until March 5, 2013. Rejeanna L. Hunter and David W. Matear made flexible arrangements to return to the United States of America after dates of March 3 and 4, 2013, indicated in conference call with the Defendants on February 12, 2012 as dates for formal handover in Dubai. As no further communication was received from the Defendants, Plaintiffs were forced to pay for all costs associated with remaining in the United Arab Emirates until March 5, 2013 and left to make their own arrangements and fund the repatriation of themselves and household goods. The total cost associated with the unnecessary extended stay in the United Arab Emirates amounts to: $2,547.64 (Two Thousand Five Hunderd Fourty-Seven Dollars and Sixty-Four Cents).

67. Both Rejeanna L. Hunter and David W. Matear have suffered damage to their impeccable reputations for reliability and integrity, built over 10 years in the "Middle East North Africa" (hereafter, "MENA") region. These reputations were leveraged for the benefit of the Defendants. David W. Matear has responded to only three (3) direct inquiries from Business Partners since January 31, 2013 in a manner that supports the Defendants' ongoing business in the MENA region. Due to the lack of



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

communication with strategic partners and business contacts which Rejeanna L. Hunter and David W. Matear built based on their impeccable reputations for reliability and integrity, developed over 10 years in the MENA region, the association with the Defendants has damaged business credibility of the Plaintiffs to successfully pursue in-region independent business.

68. The Contractor Agreement, paragraph 15, stipulates that in the case of a dispute the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

**DISASSOCIATION OF THE PARTIES**

69. Despite repeated attempts by the Plaintiffs, the Defendants did not provide negotiated employment benefits as contemplated by the parties in their Amended Agreement, and as was made evident the Defendants intended to provide through the course of conduct between the parties.

70. Throughout all time relevant to this action, even after such time as the Plaintiffs formally recognized the Defendants' breaches, the Plaintiffs continued to perform as contemplated by the agreement between the parties.

71. After 8 (eight) months of the Defendants failing to provide employment benefits upon formation of a company in the United Arab Emirates, and repeated communications exchange regarding those benefits, the Plaintiffs informed the Defendants they were formally recognizing that the Defendants were continuing to breach their contract, and the Plaintiffs planned to disassociate from the Defendants.

72. Every effort was made by the Plaintiffs to provide all assistance to the Defendants to ensure a smooth transition from the Plaintiffs' management of the



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

Defendants' company in the United Arab Emirates, including, but not limited to: arranging the transport or change in possession of any property in the Plaintiffs' control and execution of any necessary paperwork from the United Arab Emirates able to be executed by the Plaintiffs to assure business continuity.

73. Despite the Plaintiffs providing the contract services to the Defendants for the month of January 2013, as well as services for the month of February 2013, the Defendants did not provide compensation to the Plaintiffs, as required by the Amended Agreement, for the months of January and February in a total amount of $78,166.66 (Seventy-eight thousand, one hundred and sixty-six dollars and sixty-six cents), representing the combined monthly base compensation of Rejeanna L. Hunter and David W. Matear for two months.

**COUNT 1: BREACH OF CONTRACT**

74. Plaintiffs adopt and re-allege the allegations in paragraphs 1 through 73 of this Petition as if fully set forth here.

75. An executed contract existed between the Plaintiffs and the Defendants, as defined by the terms to the Contractor Agreement, as amended.

76. The Contractor Agreement, as amended includes, or contemplates, sufficient consideration to support the contract in the form of compensation and other benefits given in exchange for services.

77. Despite not receiving the negotiated benefits, Plaintiffs continued to perform as contemplated by the Contractor Agreement, as amended contract between the parties.



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

78. The Defendants accepted favorable performance review evaluations for Plaintiffs on April 9, 2012 for Rejeanna L. Hunter and on March 26, 2012 for David W. Matear.

79. Upon formation of a business for the Defendants in the United Arab Emirates, the negotiated benefits were not provided to the Plaintiffs as required in the Amended Agreement in breach of the contract between the parties.

80. Damages were suffered by the Plaintiffs as a result of these breaches, in excess of $75,000.00 (Seventy Five Thousand Dollars).

81. The Defendants' breach is a material breach of the contract between the parties.

82. The Plaintiffs have been denied the full extent of certain funds that the Amended Agreement contract contemplated they would receive.

83. The Plaintiffs may be adequately compensated the full extent of these deprived funds, which will cure the failure of the Defendants to provide the funds under the terms of the contract.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants, and award the Plaintiffs compensatory damages for an amount in excess of $75,000.00 (Seventy Five Thousand Dollars), and for Plaintiffs' attorneys' fees, expenses and costs of collection incurred herein and hereafter



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

to collect its judgment against the Defendants, pre and post judgment interest, and for any such further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted:

SCHLAGEL KINZER LLC

Benjamin E. Long, No. 25062
Lance Y. Kinzer, No. 17136
201 E. Loula, P.O. Box 10
Olathe, KS 66051-0010
(913) 782-5885
(913) 782-0123 fax
blong@schlagelkinzer.com
Attorneys for Plaintiffs



*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SOLUMEDIX LLC
Plaintiff
vs

NUETERRA HEALTHCARE INTERNATIONAL LLC
Defendant

Case No: 13CV04569
Division: 11
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for NUETERRA HOLDINGS LLC whose address for service is:

THE CORPORATION COMPANY, INC., REGISTERED AGENT, 112 SOUTHWEST 7TH STREET, SUITE 3C
TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

By: /s/ BENJAMIN E LONG
BENJAMIN E LONG, #25062
201 E LOULA PO BOX 10
OLATHE, KS 660510010
913-782-5885

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SOLUMEDIX LLC
Plaintiff
vs

NUETERRA HEALTHCARE INTERNATIONAL LLC
Defendant

Case No: 13CV04569
Division: 11
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for NUETERRA HEALTHCARE INTERNATIONAL LLC whose address for service is:

THE CORPORATION TRUST COMPANY, REGISTERED AGENT, CORPORATION TRUST CENTER, 1209 ORANGE STREET
WILMINGTON, DE 19801

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

By: /s/ BENJAMIN E LONG
BENJAMIN E LONG, #25062
201 E LOULA PO BOX 10
OLATHE, KS 660510010
913-782-5885

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SOLUMEDIX LLC
Plaintiff
vs

NUETERRA HEALTHCARE INTERNATIONAL LLC
Defendant

Case No: 13CV04569
Division: 11
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for NUETERRA HEALTHCARE MANAGEMENT LLC whose address for service is:

THE CORPORATION COMPANY, INC., REGISTERED AGENT, 112 SOUTHWEST 7TH STREET, SUITE 3C
TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

By: /s/ BENJAMIN E LONG
BENJAMIN E LONG, #25062
201 E LOULA PO BOX 10
OLATHE, KS 660510010
913-782-5885

*Clerk of the District Court, Johnson County Kansas*
*06/21/13 03:06pm SH*

*
13CV04569 *
Div 11 *

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| SOLUMEDIX, LLC;<br>REJEANNA L. HUNTER;<br>DAVID W. MATEAR<br>Plaintiffs,<br><br>vs.<br><br>NUETERRA HEALTHCARE INTERNATIONAL, LLC;<br>NUETERRA HEALTHCARE MANAGEMENT, LLC;<br>NUETERRA HOLDINGS, LLC<br>Defendants. | ) | Case No. 13CV04569<br>Division: 11<br>K.S.A. Chapter 60 |

**SUMMONS**
**RETURN OF SERVICE FOR CERTIFIED MAIL**

STATE OF KANSAS )
) ss:
COUNTY OF JOHNSON )

The undersigned, being duly sworn, states that he has served the Summons and Petition on Defendant Nueterra Health Care Management, LLC on June 21, 2013 and that the following Return Receipt was signed on June 24, 2013, indicating service by certified mail on that date.

Solumedix

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nueterra Health Care Mngmt LLC
c/o TheCorporation Company, Inc
112 SW 7th St. Suite 3C
Topeka, KS 66603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery JUN 24 2013

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
XX ☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7011 2000 0002 2081 1669

PS Form 3811, February 2004 Domestic Return Receipt

Clerk of the District Court, Johnson County Kansas
06/27/13 02:05pm SS

SCHLAGEL KINZER LLC

By: Benjamin E. Long
Kansas Supreme Court #25062
201 E. Loula; P.O. Box 10
Olathe, Kansas 66051-0010
(913) 782-5885
(913) 782-0123 facsimile
Attorneys for Plaintiffs

On this 27th day of June, 2013, the above person known to me executed this document.

Notary Public

My Appointment Expires:

SANDRA J. MEINERS
Notary Public - State of Kansas
My Appt. Expires 2-17-16

*Clerk of the District Court, Johnson County Kansas*
*06/27/13 04:48pm SS*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SOLUMEDIX LLC
Plaintiff
vs
NUETERRA HEALTHCARE MANAGEMENT LLC
Defendant

Case No: 13CV04569
Division: 11
K.S.A. Chapter 60

SUMMONS

To the above-named defendant:

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

Name: BENJAMIN E LONG
Address: 201 E LOULA PO BOX 10
OLATHE, KS 660510010
Phone: (913) 782-5885

Within 21 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

JOHNSON COUNTY DISTRICT COURT KANSAS

Clerk of the District Court

Dated: June 21, 2013

Johnson County Court House, 100 N. Kansas Ave. Olathe, KS 66061

Clerk of the District Court, Johnson County Kansas
06/27/13 04:48pm SS
Clerk of the District Court, Johnson County Kansas
6/21/2013 13:49:37 SH

13CV04569 *
Div 11 *

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| SOLUMEDIX, LLC;<br>REJEANNA L. HUNTER;<br>DAVID W. MATEAR<br>Plaintiffs,<br><br>vs.<br><br>NUETERRA HEALTHCARE INTERNATIONAL, LLC;<br>NUETERRA HEALTHCARE MANAGEMENT, LLC;<br>NUETERRA HOLDINGS, LLC<br>Defendants. | ) | Case No. 13CV04569<br>Division: 11<br>K.S.A. Chapter 60 |

## SUMMONS
## RETURN OF SERVICE FOR CERTIFIED MAIL

STATE OF KANSAS )
) ss:
COUNTY OF JOHNSON )

The undersigned, being duly sworn, states that he has served the Summons and Petition on Defendant Nueterra Holdings, LLC on June 21, 2013 and that the following Return Receipt was signed on June 24, 2013, indicating service by certified mail on that date.

Dolumrfic

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nueterra Holdings LLC
c/o The Corporation Company Inc
112 Southwest 7th St. Suite 3
Topeka, KS 66603

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery JUN 24 2013

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7011 2000 0002 2081 1678

*Clerk of the District Court, Johnson County Kansas*
*06/27/13 04:48pm SS*

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

SCHLAGEL KINZER LLC

By: Benjamin E. Long
Kansas Supreme Court #25062
201 E. Loula; P.O. Box 10
Olathe, Kansas 66051-0010
(913) 782-5885
(913) 782-0123 facsimile
Attorneys for Plaintiffs

On this 27th day of June, 2013, the above person known to me executed this document.

Notary Public

My Appointment Expires:

SANDRA J. MEINERS
Notary Public - State of Kansas
My Appt. Expires 2-17-16

*Clerk of the District Court, Johnson County Kansas*
*06/27/13 04:48pm SS*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SOLUMEDIX LLC
Plaintiff
vs

NUETERRA HOLDINGS LLC
Defendant

Case No: 13CV04569
Division: 11
K.S.A. Chapter 60

SUMMONS

To the above-named defendant:

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

Name: BENJAMIN E LONG
Address: 201 E LOULA PO BOX 10
OLATHE, KS 660510010
Phone: (913) 782-5885

Within 21 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

JOHNSON COUNTY DISTRICT COURT KANSAS

[signature]

Clerk of the District Court

Dated: June 21, 2013

Johnson County Court House, 100 N. Kansas Ave. Olathe, KS 66061

Clerk of the District Court, Johnson County Kansas
06/27/13 04:48pm SS
Clerk of the District Court, Johnson County Kansas
6/21/2013 15:49:42 SFP

13CV04569 *
Div 11 *

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| SOLUMEDIX, LLC;<br>REJEANNA L. HUNTER;<br>DAVID W. MATEAR,<br>Plaintiffs,<br><br>vs.<br><br>NUETERRA HEALTHCARE INTERNATIONAL, LLC; NUETERRA HEALTHCARE MANAGEMENT, LLC; NUETERRA HOLDINGS, LLC<br><br>Defendants. | ) | Case No. 13CV04569 |

## CLERK'S EXTENSION

Pursuant to Kansas Supreme Court Rule 113, Defendants Nueterra Healthcare International, LLC, Nueterra Healthcare Management, LLC, and Nueterra Holdings, LLC, move for an additional fourteen days, up to and including **July 29, 2013**, to plead in response to Plaintiffs' Petition. Plaintiffs' Petition was served on June 24, 2013, and Defendants' Answer is currently due on July 15, 2013.

FOULSTON SIEFKIN LLP

By: *s/ Tara S. Eberline*
Scott C. Nehrbass, KS #16285
Tara S. Eberline, KS #22576
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS 66210
(913) 498-2100
(913) 498-2101 FAX
Email: snehrbass@foulston.com
teberline@foulston.com

ATTORNEYS FOR DEFENDANTS

*Clerk of the District Court, Johnson County Kansas*
*07/03/13 03:25pm MM*

In accordance with Kansas Supreme Court Rule 113, defendants are granted an additional fourteen (14) days up to and including **July 29, 2013** to plead in response to Plaintiffs' Petition.

/s/ MELISSA MERCER
Dated: 07/05/13
Clerk of the District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of **July, 2013**, a true and correct copy of the above and foregoing was sent by U.S. Mail, first-class, postage-prepaid, to:

Benjamin E. Long
Lance Y. Kinzer
201 E. Loula
P.O. Box 10
Olathe, KS 66051-0010

ATTORNEYS FOR PLAINTIFFS

*s/ Tara S. Eberline*
Tara S. Eberline



*Clerk of the District Court, Johnson County Kansas*
*07/03/13 03:25pm MM*